**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JAMAR COLEY,

        Plaintiff,

v.

NEW JERSEY TRANSIT, *et al.*,

        Defendants.

Civil Action No. 17-5585 (MAS) (ZNQ)

**MEMORANDUM OPINION**

This matter comes before the Court upon Defendant Damian Hall's ("Hall" or "Defendant") Motion for Summary Judgment. (ECF No. 58.) Plaintiff Jamar Coley ("Coley" or "Plaintiff") opposed (ECF No. 64) and Defendant replied (ECF No. 66). Plaintiff also moved to file a sur-reply. (ECF No. 67.) Defendant opposed (ECF No. 68), and the Court denied Plaintiff's motion (ECF No. 69). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendant's Motion for Summary Judgment.

### I. BACKGROUND

The Court sets forth only the background necessary to decide the instant motion. This is a job discrimination action brought by Plaintiff, an African-American and former New Jersey Transit ("NJT") repairperson, against Defendant, a Caucasian and Superintendent of Maintenance at NJT's Hamilton Garage. (Am. Compl. *1–3, ECF No. 9.)[1] Plaintiff alleges that Defendant violated 42 U.S.C. § 1981 and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

seq., by terminating his employment on the basis of his race and in retaliation for filing a discrimination complaint with NJT's Office of Equal Opportunity and Affirmative Action Representative. (*See id.*) The crux of Plaintiff's allegations is that he received disparate treatment by Defendant, while similarly situated Caucasian employees received preferential treatment. (*See e.g.*, Pl.'s Mem. in Opp'n., *10-14.) Plaintiff alleges, for example, that Defendant disproportionately issued attendance occurrences[2] to him and not to similarly situated Caucasian employees for identical conduct, that Defendant gave Caucasian employees favorable treatment regarding overtime, and that Defendant required him to take an exam to earn a promotion but did not require Caucasian employees to do so. (*See id.*) Most notably, Plaintiff alleges an instance of "sleeping during work hours," which according to Plaintiff, was the sole reason for his termination (Am. Compl. ¶ 17), and according to Defendant, was part of the reason for his termination (Def.'s Resp. to Pl.'s Counter Statement of Facts ("DRPCSF"), ECF No. 66-1 ¶ 9).

## II. LEGAL STANDARD

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* A dispute is genuine if there is sufficient evidentiary support such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson*, 477 U.S. at 248). The party moving for summary judgment has the initial burden of

---

[2] Attendance occurrences are issued for attendance violations. (*See* Pl.'s Mem. in Opp'n, *11.)

2

proving an absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the non-moving party bears the burden of proof at trial, the movant may discharge its burden by pointing to an absence of evidence necessary to support the non-movant's claim. (*Id.* at 325.) Alternatively, a moving party may submit affirmative evidence that negates a material element of the non-moving party's claim. *Id.* If the movant brings affirmative evidence or makes a showing that the non-movant lacks evidence essential to its claim, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine [dispute] for trial." Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. The burden of persuasion, however, rests on the non-moving party to establish each element necessary to succeed on the claims on which it bears the burden of proof at trial. *Id.* at 322.

To decide whether a genuine dispute of material fact exists, the Court must consider all facts, drawing all reasonable inferences in a light most favorable to the non-moving party. *Kaucher*, 455 F.3d at 423. On a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine [dispute] for trial." *Anderson*, 477 U.S. at 249. Absent a genuine dispute for trial, summary judgment as a matter of law is proper.

### III. DISCUSSION

Here, Defendant as the movant, has submitted affirmative evidence that negates material elements of Plaintiff's claim. In response, Plaintiff has failed to set forth evidence showing that there is a genuine dispute for trial. According to the Third Circuit, "[i]f the movant has produced evidence in support of summary judgment, then the opponent may not rest on the allegations set

forth in its pleadings but must counter with evidence that demonstrates a genuine [dispute] of fact." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1362–63 (3d Cir. 1992).

Specifically, regarding the claim that Defendant disciplined Plaintiff for sleeping at work but did not discipline similarly situated Caucasian employees who also slept at work, Defendant denies witnessing any Caucasian employees sleeping at work, and stated that "had he seen any [Caucasian employees] sleeping at work, he would have written them up, called them in for a hearing, and discharged them." (Def.'s Statement of Facts ¶ 29 ("DSF"), ECF No. 58-2.) In his Response to Defendant's Statement of Facts, Plaintiff has not countered with additional evidence to demonstrate a genuine dispute of fact as to whether Defendant indeed did not discipline similarly situated Caucasian employees for sleeping at work. (*See* Pl.'s Resp. to Def.'s Statement of Facts ¶ 29 ("PRDSF"), ECF No. 64-1.) Instead, Plaintiff merely states that his "Complaints are written documents that speak for themselves . . . ." and cites to other parts of his Response to Defendant's Statement of Facts that deny he was asleep at work. (*See id.* ¶¶ 13–14, 16–17.) In addition, it appears that Plaintiff provided inconsistent statements regarding whether he was sleeping at work. Plaintiff has been claiming, since filing his case, that he was not asleep but rather checking messages on his phone for approximately five minutes. (*Id.* ¶¶ 13–14.) Defendant, however, has offered evidence that suggests Plaintiff previously made contradictory statements, that he either was sleeping because he was on break, or that he was not sleeping but was getting ready to sleep. (Def. Ex. G to Bhaskar Certif. at 004, 010, ECF No. 58-12.)

Similarly, on the issue of whether Defendant gave Caucasian employees favorable treatment regarding overtime but denied overtime to African-American employees, Plaintiff has not provided specific facts to support his allegation (*See* Def.'s Interrogs. to Pl. No. 20, ECF No. 58-10 *14.) In moving for summary judgment, Defendant asserts that Plaintiff "was offered

4

overtime hours during the period of time he alleges to have been denied same, some of which he accepted and some of which he declined." (DSF ¶ 42.) Plaintiff denies this assertion, raises hearsay objections, and refers back to another response he provided in his Response to Statement of Facts, but that response merely cited his own allegation that Defendant "refused to grant Plaintiff and other African-American Repairmen the opportunity to similarly work extended overtime shifts." (PRDSF ¶¶ 38, 42.) Although Plaintiff also refers to his deposition testimony, his testimony essentially reiterates his allegation in the Amended Complaint and he admits he did not know the purpose of Caucasian employees arriving two hours early (Coley Dep. Tr. 84:4–23, Pl. Ex. A. to Rieser Certif., ECF No. 64-3), thus his claim that Caucasian employees arrive early to earn extra compensation is not supported.[3] (Pl.'s Mem. in Opp'n *13; Pl. Ex. A, ECF No. 64-3 *23.)

Regarding Plaintiff's claim that Defendant disproportionately issued attendance occurrences to Plaintiff, but not to similarly situated Caucasian employees, Defendant notes that the Collective Bargaining Agreement ("CBA") provides that "[o]ccurrences are assessed automatically by the garage's computer-system based on the time the employee 'clocks-in/out' using their employee ID." (DSF ¶¶ 31–32.) In his response, Plaintiff denies Defendant's characterization of the CBA without providing evidence to support his contention that Defendant, rather than a computer-system, was responsible for issuing attendance occurrences. (PRDSF ¶ 31.) And lastly, Plaintiff admits to the fact that attendance occurrences are assessed automatically by the garage's computer-system. (*Id.* ¶ 32.)

Regarding Plaintiff's claim that Defendant required him to take an exam to advance his position, but did not require Caucasian employees to do the same for advancement (*see* Pl.'s Mem.

---

[3] Moreover, during discovery Plaintiff objected to Defendant's Interrogatory Number 20, which requested specific facts supporting the overtime issue, and referred back to his allegations in the Complaint without referencing supporting evidence. (*Id.*)

5

in Opp'n *13), Defendant responds that the exam is required of all employees for the purpose of promotion. (DRPCSF ¶¶ 46–47). And Plaintiff's belief that his Caucasian colleagues were promoted without taking the exam is inadmissible hearsay that is completely based on his colleagues' words rather than Plaintiff's personal knowledge. (*See* Coley Dep. Tr. 133:22–134:25, Pl. Ex. A. to Rieser Certif., ECF No. 64-3.)

IV. **CONCLUSION**

Because Plaintiff has not provided supporting evidence to rebut the evidence proffered by Defendant that shows Plaintiff did not in fact receive disparate treatment as an employee at NJT, Plaintiff has failed to satisfy his burden of showing that a genuine dispute exists as to whether he received disparate treatment because of his race. The Court, therefore, grants Defendant's motion for summary judgment. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE